IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

CENTURY SURETY COMPANY,

Plaintiff,

v.

AMERICAN MANAGEMENT GROUP OF NORTH FLORIDA LLC, and ASHLEIGH McDONALD, as Personal Representative of the Estate of ELIJAH McDONALD,

Defendants.

_____/

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW the Plaintiff, CENTURY SURETY COMPANY ("Century"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 1332, and files this action for declaratory relief, and states as follows:

**Jurisdiction**

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. In this action, Century seeks a declaration of its rights and obligations under a commercial general liability insurance policy issued to AMERICAN MANAGEMENT GROUP OF NORTH FLORIDA LLC, ("American Management") with respect to certain wrongful death claims asserted by ASHLEIGH McDONALD as Personal Representative of the Estate of ELIJAH McDONALD ("the Estate") arising out of a shooting incident that occurred on September 27, 2022.

3. Specifically, Century seeks a declaration that it has no duty to defend or indemnify American Management in connection with the wrongful death claims asserted by McDonald.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

5. All conditions precedent to the filing of this action have occurred, been performed, or have been waived.

## Venue

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant American Management maintains its principal place of business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## Parties

7. Plaintiff Century is an insurance company incorporated in the State of Ohio with its principal place of business in the State of Michigan. Accordingly, Century is a citizen of both Ohio and Michigan.

8. Defendant American Management is a Florida limited liability company with its principal place of business in Atlantic Beach, Duval County, Florida. Accordingly, American Management is a citizen of Florida.

9. American Management's managing member is General Management and Agent Services, LLC ("General Management"), which is a Florida limited liability company with its

principal place of business in Atlantic Beach, Duval County, Florida. Accordingly, General Management is a citizen of Florida.

10. General Management's managing member is Jeff Klotz, who resides in and is domiciled in Duval County, Florida. Accordingly, he is a citizen of Florida.

11. Ashleigh McDonald resides in and is domiciled in Duval County, Florida. Accordingly, she is a citizen of Florida.

**General Allegations**

12. Century issued Commercial Lines Policy number CCP 984839 to American Management Group of North Florida LLC effective from October 11, 2021 to October 11, 2022. ("the Policy")  The Policy is subject to a liability coverage limit of $1,000,000 for each occurrence and $2,000,000 in the aggregate, a $5,000 Medical Expense Limit and a $500 Bodily Injury Liability and Property Damage Liability combined deductible.  *See Century Policy attached* as *Exhibit "1."*

13. The claims at issue arise out of a shooting incident that occurred on September 27, 2022 at or near an apartment complex located at 2800 Sophia Street, Jacksonville, Florida ("the Property"), which allegedly resulted in fatal injuries to Elijah McDonald.

14. At the time of the incident at issue, the Property where the incident occurred was owned by Huron Sophia Acquisition, LLC.

15. At the time of the incident at issue, the Property where the incident occurred was managed by American Management and American Management was acting in the capacity of a property manager.

16. The Estate has filed suit in the Fourth Judicial Circuit Court in Duval County, Florida, case number 16-2022-CA-007310 ("the Underlying Action") alleging that Elijah

McDonald was assaulted, shot and killed while on the Property. *See Underlying Action Complaint attached as Exhibit "2."*

17. Upon information and belief, the Estate is seeking to recover damages in excess of $75,000 in the Underlying Action.

18. In the Complaint filed in the Underlying Action, the Estate alleges that American Management was contracted to manage, maintain, secure, inspect and/or control the day to day activities and operations of the Property.

19. In the Complaint filed in the Underlying Action, the Estate alleges that American Management acted negligently by failing maintain the Property in a reasonably safe condition, failing to take precautions necessary to protect residents and invitees from foreseeable criminal attacks at the Property, and failing to properly screen and vet residents and guests at the Property to protect residents and invitees from foreseeable criminal attacks.

20. Century is currently defending and investigating the claims asserted against American Management subject to a full reservation of rights. *See Reservation of Rights Letter attached as Exhibit "3."*

21. The Century Policy contains the following pertinent terms, exclusions and definitions:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
       **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

  **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

* * *

**COVERAGE C – MEDICAL PAYMENTS**
1. **Insuring Agreement**
a. We will pay medical expenses as described below for "bodily injury" caused by an accident:
 **(1)** On premises you own or rent;
 **(2)** On ways next to premises you own or rent; or
 **(3)** Because of your operations;
provided that:
  **(a)** The accident takes place in the "coverage territory" and during the policy period;
  **(b)** The expenses are incurred and reported to us within one year of the date of the accident; and
  **(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.
b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:
 **(1)** First aid administered at the time of an accident;
 **(2)** Necessary medical, surgical, X-ray and dental services, including prosthetic devices; and
 **(3)** Necessary ambulance, hospital, professional nursing and funeral services.

* * *

**SECTION V – DEFINITIONS**

 3."Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

 13."Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**CONDITIONAL COVERAGE – REAL ESTATE PROPERTY MANAGED**

The following condition is added to Section **IV** – Commercial General Liability Conditions.

**Real Estate Property Managed**

As a condition of coverage:

**(1)** You obtain from the property owner, at the time the property management commences, a valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-

5

completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and

(2) Upon renewal or replacement of the property owner's insurance policy, you receive from the property owner a new valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) on file; and

(3) You provide such certificate(s) of insurance to us upon our request; and

(4) The insurance shown on the certificate(s) of insurance was written with an insurance company rated A- or better by A.M. Best at the time of certificate issuance; and

(5) The Limits on the certificate(s) are equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

(6) You are an insured or an additional insured on the property owner's policy or policies; and

(7) The property owner's policy has not restricted coverage for assault and battery exposures by:
   (a) Excluding any claims arising out of or alleged to arise out of assault and battery; or
   (b) Providing a sublimit to the Each Occurrence Limit for claims arising out of or alleged to arise out of assault and battery.

For the purposes of this endorsement, property management means managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured.

*  *  *

22. At the time of the shooting, the Property owner, Huron Sophia Acquisition, LLC was insured under a commercial general liability policy issued by Penn-American Insurance Company (Policy Number PAV0385905) ("the Penn American Policy"). *See Penn American Denial Letter dated March 3, 2023 attached as Exhibit "4."*

23. American Management qualifies as an insured real estate manager under the Penn American Policy. *See Exhibit "4."*

24. The Penn American Policy contains an Assault or Battery Exclusion – Designated Premises Endorsement which eliminates coverage for bodily injury arising out of an assault or battery that occurs in, on, near, or away from the Property. *See Exhibit "4."*

25. The Penn American Policy also contains an Exclusion – Firearms and Other Weapons Endorsement, which eliminates coverage for bodily injury arising out of the use, sale, or demonstration of firearms or other weapons by any person. *See Exhibit "4."*

26. Penn American has denied coverage to American Management pursuant to the Penn American Policy's Assault or Battery Exclusion and the Firearms and Other Weapons, on the grounds that the claim at issue stems from an assault and battery as well we the use of a firearm. *See Exhibit "4."*

## Insurance Coverage Dispute

27. Century brings this action to obtain a judgment declaring that it has no duty to defend or indemnify its insured, American Management, with respect to the wrongful death claim asserted by the Estate.

28. There exists a bona fide actual present and practical need for the declaration of coverage available under the Policy and the rights and obligations of Century pursuant thereto.

29. There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of Century under the Policy.

30. The rights of Century under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

31. Plaintiff and Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

32. All proper and present antagonistic or adverse interests are before the Court by proper process.

33. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred or have been waived.

## COUNT I
### The Policy's Real Estate Property Managed Conditional Coverage Endorsement

34. Century re-alleges and re-incorporates the allegations contained in Paragraphs 1 through 32 above, as is fully set forth herein.

35. The Policy's Real Estate Property Managed Conditional Coverage Endorsement ("the Conditional Coverage Endorsement") imposed certain conditions of coverage when the insured engages in property management activities, which are defined as managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured, American Management.

36. American Management engaged in property management activities with respect to the subject Property owned by Huron Sophia.

37. The Conditional Coverage Endorsement required American Management to obtain from the Property owner a valid certificate of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" providing coverage for the property management activities performed by American Management.

38. The Conditional Coverage Endorsement required that the aforementioned certificate(s) of insurance reflect insurance written with an insurance company rated A- or better by A.M. Best and reflect limits of coverage equal to or greater than $1,000,000 per occurrence, $2,000,000 general aggregate, and $1,000,000 products-completed operations aggregate.

39. The Conditional Coverage Endorsement required American Management to provide the aforementioned certificates of insurance to Century upon request.

40. The Conditional Coverage Endorsement required American Management to be named as an insured or an additional insured on the Property owner's liability policy.

41. The Conditional Coverage Endorsement expressly prohibited the Property owner's liability policy from restricting coverage for assault and battery exposures by excluding any claims arising out of or alleged to arise out of assault and battery.

42. American Management has failed to comply with the requirements imposed by the Conditional Coverage Endorsement, all of which are conditions precedent to coverage.

43. Specifically, American Management failed to secure the required coverage as an insured or an additional insured under the Property owner's policy because the Property owner's liability policy issued by Penn American expressly excludes claims arising out of assault and/or battery.

44. Accordingly, Century is entitled to a judgment in its favor declaring that there is no coverage available under the Policy for the wrongful death claim asserted by the Estate.

**WHEREFORE**, Century respectfully requests that this Court:

a) determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b) find and declare that Century has no duty to defend or indemnify American Management with respect to the wrongful death claim asserted by the Estate; and

c) award Century its taxable costs incurred in prosecuting this declaratory action and grant such other and further relief as it deems proper under the circumstances.

Respectfully submitted,
BUTLER WEIHMULLER KATZ CRAIG LLP

s/Kimberly N. Ramey
_____
KIMBERLY N. RAMEY, ESQ.
Florida Bar No.: 0044033
kramey@butler.legal
Secondary:   dabramson@butler.legal;
                     vturner@butler.legal

9

400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorney for Plaintiff, Century Surety Company*