IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:23-cv-00390

CENTURY SURETY COMPANY,

Plaintiff,

v.

AMERICAN MANAGEMENT GROUP OF NORTH FLORIDA LLC, and ASHLEIGH McDONALD, as Personal Representative of the Estate of ELIJAH McDONALD,

Defendants.
_____/

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

Plaintiff, CENTURY SURETY COMPANY, ("Century") by and through its undersigned counsel and in accordance with Rule 55(b) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for the entry of a Final Default Judgment against Defendants, AMERICAN MANAGEMENT GROUP OF NORTH FLORIDA LLC and ASHLEIGH McDONALD, as Personal Representative of the Estate of ELIJAH McDONALD, and as grounds therefore states:

I.  **Factual Background**

1. This is an action for declaratory relief involving a commercial lines liability insurance policy Commercial Lines Policy number CCP 984839 ("the Policy") issued to AMERICAN MANAGEMENT GROUP OF NORTH FLORIDA LLC ("American Management") with effective dates of October 11, 2021 to October 11, 2022. (D.E. 1).

2.     In its Complaint, Century seeks a declaration regarding its rights and obligations with respect to certain bodily injury claims asserted by ASHLEIGH McDONALD, as Personal Representative of the Estate of ELIJAH McDONALD ("the Estate") arising out of a shooting incident that occurred on September 27, 2022.  These bodily injury claims are the subject of a lawsuit pending in the Fourth Judicial Circuit Court in Duval County, Florida, case number 16-2022-CA-007310 ("the Underlying Action").  (D.E. 1 at ¶16).

3.     The Complaint filed in the Underlying Action alleges that Elijah McDonald was assaulted, shot and killed at or near an apartment complex located at 2800 Sophia Street, Jacksonville, Florida ("the Property").  (D.E. 1 at ¶16).

4.     At the time of the incident at issue, the Property where the incident occurred was owned by Huron Sophia Acquisition, LLC.  (D.E. 1 at ¶15).  Century's named insured, American Management, engaged in property management activities with respect to the Property.  (D.E. 1 at ¶31).

5.     The Complaint filed in the Underlying Action, the Estate alleges that American Management was contracted to manage, maintain, secure, inspect and/or control the day to day activities and operations of the Property.  (D.E. 1 at ¶18).

6.     The Century Policy's Real Estate Property Managed Conditional Coverage Endorsement ("the Conditional Coverage Endorsement") imposed certain conditions of coverage for any property management activities conducted by American Management with respect to any real estate not owned by American Management.  (D.E. 1 at ¶21).

7.     The Policy's Real Estate Property Managed Conditional Coverage Endorsement Conditional Coverage Endorsement required American Management to:

    a. Obtain from the property owner a valid certificate of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" providing coverage for the property management activities performed by American Management.

    b. Be named as an insured or an additional insured on the property owner's liability policy.

    c. Ensure that the property owner's liability policy did not restrict coverage for assault and battery exposures by excluding any claims arising out of or alleged to arise out of assault and battery.

(D.E. 1 at ¶ 21).

    8.    The Conditional Coverage Endorsement expressly prohibited the Property owner's liability policy from restricting coverage for assault and battery exposures by excluding any claims arising out of or alleged to arise out of assault and battery. (D.E. 1 at ¶ 21).

    9.    At the time of the shooting, the Property owner, Huron Sophia Acquisition, LLC was insured under a commercial general liability policy issued by Penn-American Insurance Company (Policy Number PAV0385905) ("the Penn American Policy"). (D.E. 1, at Ex. 4).

    10.    American Management qualifies as an insured real estate manager under the Penn American Policy. (D.E. 1, at Ex. 4).

    11.    The Penn American Policy contains an Assault or Battery Exclusion – Designated Premises Endorsement which eliminates coverage for bodily injury arising out of an assault or battery that occurs in, on, near, or away from the Property. See Exhibit "4."

12. The Penn American Policy also contains an Exclusion – Firearms and Other Weapons Endorsement, which eliminates coverage for bodily injury arising out of the use, sale, or demonstration of firearms or other weapons by any person. (D.E. 1, at Ex. 4).

13. Penn American has denied coverage to American Management pursuant to the Penn American Policy's Assault or Battery Exclusion and the Firearms and Other Weapons, on the grounds that the claim at issue stems from an assault and battery as well we the use of a firearm. (D.E. 1, at Ex. 4).

14. American Management has failed to comply with the requirements imposed by the Conditional Coverage Endorsement, all of which are conditions precedent to coverage. Specifically, American Management failed to secure the required coverage as an insured or an additional insured under the property owner's policy because the property owner's liability policy expressly excludes claims arising out of assault and/or battery. (D.E. 1 at ¶¶ 42-43)

15. On July 27, 2023, the Clerk entered a default against each defendant in this action pursuant to Fed. R. Civ. P. 55(a). (D.E. 13 and D.E. 14). Therefore, the Defendants have admitted all of the well-plead facts alleged in the Complaint. In doing so, they have admitted that Century is entitled to a judgment in its favor declaring that there is no coverage available under the Policy for the claims asserted by the Estate arising from the death of Elijah McDonald. (D.E. 1 at ¶ 44).

## II.   Memorandum of Law

Obtaining a default judgment is a two-step process, requiring the entry of a default before a default judgment can be entered. *See St. Michael Pres Publishing Co., Inc. v. One Unknown Wreck Believed to be the Archangel Michael*, 2013 WL 12171816, at *1 (S.D. Fla. 2013) (noting further that the entry of default judgment is not automatic, and a court "must satisfy itself as to

its authority to enter a final judgment against an absent defendant"). Following the entry of a default under Rule 55(a), Federal Rules of Civil Procedure, a defendant is deemed to admit a plaintiff's well-pleaded allegations of fact. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) ("[E]ntry of a default judgment is only warranted where a sufficient basis exists in the pleadings for the judgment entered"); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Progressive Express Ins. Co. v. Candelas*, 2020 WL 6049374, at *4 (M.D. Fla. 2020) (*citing Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015)). Therefore, it is appropriate for a court to enter a default judgment where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Century's Complaint contains sufficient factual allegations establishing that Century is entitled to the relief requested. An actual, justiciable controversy exists because Century is in doubt regarding its rights and obligations pursuant to the liability insurance policy it issued to American Management. *Garden Aire Vill. S. Condo. Ass'n Inc. v. QBE Ins. Corp.*, 774 F. Supp. 2d 1224, 1227 (S.D. Fla. 2011); *see also Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) (finding a liability insurer's complaint for a declaratory judgment that it was not liable to defend or indemnify the insured related to the claims against the insured by injured parties presented an "actual controversy," as to the insured and the injured parties).

As outlined above, Century has properly pled the facts that form the basis of the controversy between the parties. By defaulting, the defendants have admitted that American Management failed to comply with the necessary conditions precedent to coverage under the

Policy. Specifically, American Management had admitted that it failed to secure the required coverage under the Property owner's general liability policy because the Property owner's policy expressly excluded claims arising from assault or battery.

It is well-settled that an insured's failure to comply with an express condition of coverage imposed by the policy will result in a total and complete loss of coverage under the Policy. *See Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate of Ins. No. 9214 v. Halikoytakis*, 444 Fed. Appx. 328 (11th Cir. 2011) (insured's failure to comply with the terms of the policy's Independent Contractors Special Condition by failing to be named as an additional insured on its contractor's liability policy results in a complete loss of coverage and summary judgment is appropriate in favor of the insurer); *Meridian Const. & Dev., LLC v. Admiral Ins. Co.*, 105 F. Supp. 3d 1331 (M.D. Fla. 2013) (under Florida law, the requirements in a commercial general liability policy that the insured contractor obtain from each of its subcontractors a certificate of insurance identifying the insured as an additional insured on the subcontractor's CGL policy and a written contract agreeing to hold the insured harmless, defend and indemnify the insured constituted conditions precedent to coverage; breach of these conditions resulted in a complete loss of coverage and compelled the entry of summary judgment in favor of the insurer); *Pann Investments of Florida, LLC v. Canopius US Ins., Inc.*, 15-60901-CIV, 2016 WL 4681149, at *4 (S.D. Fla. Jan. 6, 2016) (in order to trigger the duty to defend, or any other coverage under the policy, the insured must establish that the conditions of the endorsement have been satisfied, i.e., that it is a named insured under its tenants' general liability policies; without that, there is no coverage and no duty to defend).

As a result of American Management's failure to comply with the express conditions of coverage outlined in the Policy, Century is entitled to judgment in its favor declaring that there is

no coverage available under the Policy. Accordingly, Final Default Judgment should be entered in favor of Century for the relief requested in the Complaint. *Id.* Century seeks a final judgment declaring that it has no duty to defend or indemnify American Management with respect to the bodily injury claims asserted in the Underlying Action because American Management has failed to comply with the conditions of coverage imposed by the Policy's Real Estate Property Managed Conditional Coverage Endorsement.

**WHEREFORE**, Plaintiff, CENTURY SURETY COMPANY, respectfully requests the entry of a Default Final Judgment against the defendants, AMERICAN MANAGEMENT GROUP OF NORTH FLORIDA LLC and ASHLEIGH McDONALD, as Personal Representative of the Estate of ELIJAH McDONALD.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Kimberly N. Ramey
KIMBERLY N. RAMEY, ESQ.
Florida Bar No.: 0044033
kramey@butler.legal
Secondary:   vturner@butler.legal
             dabramson@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorney for Plaintiff, Century Surety Company*

**CERTIFICATE OF SERVICE**

I certify that a true and copy of the foregoing was electronically filed with the Clerk of Court and served on all counsel of record via the CM/ECF system on August 31, 2023.

                              s/Kimberly N. Ramey
                              KIMBERLY N. RAMEY, ESQ.