UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CENTURY SURETY COMPANY,

    Plaintiff,

v.                                       Case No. 3:23-cv-390-BJD-JBT

AMERICAN MANAGEMENT GROUP
OF NORTH FLORIDA, LLC, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 18; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge on November 20, 2023. In the Report, the Magistrate Judge recommends that the Court grant Plaintiff's Motion for Final Default Judgment (Doc. 15). Report at 7. No party filed an objection to the Report and the time to do so has passed. Accordingly, the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district judge is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d

776, 779 & n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). Further, if no objections to a magistrate judge's report and recommendation are filed, the district court reviews legal conclusions only for plain error and only if necessary in the interests of justice. Shepherd v. Wilson, 663 F. App'x 813, 816 (11th Cir. 2016); see also Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015) (noting that under 11th Circuit Rule 3-1, the appellant would have waived his ability to object to the district court's final order on a report and recommendation where appellant failed to object to that report and recommendation). "Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999)). Upon independent review of the entire record, the undersigned finds no plain error in the Report.

Accordingly, it is hereby

**ORDERED**:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc.18) as the opinion of the Court.

2. Plaintiff's Motion for Final Default Judgment (Doc. 15) is **GRANTED**.

3. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff, Century Surety Company, and against Defendants, American Management Group of North Florida LLC and Ashleigh McDonald, as Personal Representative of the Estate of Elijah McDonald, declaring that Plaintiff has no duty to defend or indemnify American Management Group of North Florida LLC under the Commercial Lines Policy, Policy No.: CCP 984839, in connection with the civil action of Ashleigh McDonald, as Personal Representative of the Estate of Elijah McDonald, deceased v. Huron Sophia Acquisition LLC, et al. filed in Duval County, Florida on or about December 22, 2022, Case No. 16-2022-CA-7310.

4. The Clerk of the Court is **FURTHER DIRECTED** to terminate any pending motions and close this file.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of January, 2024.

BRIAN J. DAVIS
United States District Judge

*Copies furnished to:*

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of Record

*ap*